IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) Case No.: |
| | ) |
| PEACE VILLAGE, an Illinois corporation, and MELANIE HAMPTON | ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, United States Fire Insurance Company ("U.S. Fire"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants, Peace Village and Melanie Hampton ("Hampton"), states as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. In this action, U.S. Fire seeks a determination of its rights and obligations under an insurance policy issued to Peace Village in connection with an underlying lawsuit filed by Melanie Hampton, which asserts certain claims against Peace Village.

**JURISDICTION AND VENUE**

2. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a)

as Defendant Peace Village resides in the Northern District of Illinois.

5. Plaintiff United States Fire Insurance Company is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in the state of New Jersey. At all relevant times, U.S. Fire was authorized to conduct business in the State of Illinois.

6. Defendant Peace Village is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 10300 Village Circle Drive, Palos Park, Illinois 60464.

7. Defendant Melanie Hampton is an adult individual who is a citizen of and is domiciled in the state of Illinois. Plaintiff U.S. Fire does not assert any claim against Defendant Hampton in the Complaint and Defendant Hampton has been named as a defendant in this action solely as a necessary and indispensable party.

8. The Underlying Action (as defined herein) is pending in the Circuit Court of Cook County, Illinois.

9. U.S. Fire issued an insurance policy to Peace Village, as described more fully below.

10. The scope of the coverage available to Peace Village under the policy is governed by the terms, conditions, and exclusions of the policy.

## THE UNDERLYING ACTION

11. On or about December 5, 2019, plaintiff Melanie Hampton ("Hampton") filed a lawsuit styled *Melanie Hampton v. Peace Village, Peace Properties, LLC, LD Acquisition Company 15 LLC and Peace Memorial Village Development Corp.*, Case No. 2019 L 013387 in the Circuit Court of Cook County, Illinois (the "Underlying Action"). A true and correct copy of

the Complaint at Law (the "Complaint") filed in the Underlying Action is attached hereto as Exhibit A.

12. In Count I of the Complaint, Melanie Hampton asserts a single negligence cause of action against Peace Village.

13. The Complaint alleges that, on or about January 8, 2018, Peace Village owned, operated, maintained, managed and/or controlled the property located at 10300 Village Circle Drive in Palos Park, Illinois (the "Premises"). Ex. A at p. 1, ¶ 1.

14. The Complaint further alleges that, on or about January 8, 2018, Peace Village engaged in the operation, management and control of commercial buildings which required the presence of business invitees on the Premises, such as Hampton. Ex. A at pp. 1-2, ¶ 2.

15. The Complaint further alleges that, on or about January 8, 2018, Melanie Hampton was lawfully on the Premises, as a business invitee, for the benefit of Peace Village. Ex. A at p. 2, ¶ 3.

16. The Complaint further alleges that it was the duty of Peace Village to manage, maintain, and control the Premises in such a manner so as to not cause injury to Hampton or others who were lawfully on the Premises. Ex. A at p. 2, ¶ 4.

17. The Complaint alleges that, notwithstanding such duty, Peace Village, by and through its agents and/or employees, was guilty of one or more of the following negligent acts and/or omissions:

  a. Carelessly and negligently allowed the outside entrance area and walkway to remain in an unsafe condition when they knew or should have known that water would unnaturally accumulate and freeze thus creating a dangerous and hazardous condition for all individuals lawfully in that area;

b. Carelessly and negligently failed to maintain the Premises in a reasonably safe condition for use by individuals lawfully on the Premises by failing to remove ice, water and snow in a proper and safe fashion;

c. Carelessly and negligently failed to provide a safe place for people, and particularly the Plaintiff herein, to walk in the outside entrance area that leads to and from the Premises by allowing water, ice and/or snow to unnaturally accumulate, thereby creating a hazardous condition;

d. Carelessly and negligently failed to warn people or the Plaintiff MELANIE HAMPTON to proceed with caution because of the existence of water, snow and ice in the outside entrance area;

e. Carelessly and negligently failed to remove snow and ice so as to provide a safe place for the Plaintiff MELANIE HAMPTON to walk when they knew or should have known that the area was dangerous;

f. Carelessly and negligently failed to instruct employees to properly remove water, ice and/or snow, thereby creating a dangerous and hazardous condition for people to walk;

g. Carelessly and negligently failed to remove water, ice and/or snow that unnaturally accumulated as a result of the overhang at or near the outside entrance area causing an unnatural accumulation of water and ice, creating a hazardous and dangerous condition for the Plaintiff when Peace Village knew or should have known of the dangerous condition for a long time prior to the incident involving Plaintiff;

h. Carelessly and negligently permitted said area to become and remain in a condition dangerous to patrons passing over it, although Peace Village knew or, in the exercise

      of ordinary care, should have known or had sufficient notice of such condition and the danger thereof to patrons passing over said area;

i.    Carelessly and negligently failed to maintain said area at the place aforesaid in a reasonably safe condition for use by pedestrians;

j.    Carelessly and negligently permitted said area to become and remain in a condition dangerous to pedestrians using it, although it knew or should have known, or had sufficient notice of such condition and the danger to pedestrians, including Plaintiff, using said area;

k.    Carelessly and negligently failed to inspect said area although it had reason to believe said condition was dangerous or had sufficient notice of the dangerous condition thereof to pedestrians using said area; and

l.    Carelessly and negligently failed to shovel and/or otherwise remove ice, water and snow from said area, or place salt in a reasonably safe manner for use by pedestrians when it knew it was dangerous for patrons to walk on and around said area.

Ex. A at pp. 2-3, ¶ 5.

      18.    The Complaint further alleges that, as a direct and proximate result of one or more of the alleged acts and/or omissions of Peace Village, Hampton was caused to slip and fall as a result of said condition, and strike the ground in a manner which caused serious injury to Hampton. Ex. A at p. 3, ¶ 6.

      19.    The Complaint further alleges that, as a result of Peace Village's negligent acts and/or omissions, Hampton was seriously and permanently injured, became disabled, has suffered and in the future will suffer physical pain, has incurred and will continue to incur sums in obtaining care and treatment trying to cure herself of injuries. Ex. A at pp. 3-4, ¶ 7.

20. In Count I of the Complaint, Hampton seeks the entry of a judgment against Peace Village in an amount in excess of $50,000, plus the cost of the Underlying Action. Ex. A at p. 4.

## THE POLICY

21. United States Fire Insurance Company issued Policy Number 5432200614 to Named Insured Peace Village which provided Commercial General Liability coverage with limits of liability of $1,000,000 Each Occurrence and a $3,000,000 General Aggregate, with effective dates of January 1, 2018 to January 1, 2019 (the "Policy"). A true and correct certified copy of the Policy is attached as Exhibit B.

22. Coverage A under the Commercial General Liability Coverage Part of the Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

\* \* \*

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

\* \* \*

Ex. B at p. 28.

23.    The Commercial General Liability Coverage Part of the Policy also contains the following language regarding "Who Is An Insured":

**SECTION II – WHO IS AN INSURED**

    **1.** If you are designated in the Declarations as:

\* \* \*

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\* \* \*

Ex. B at p. 36.

24.    Coverage A under the Commercial General Liability Part of the Policy includes the following pertinent exclusions:

    **2. Exclusions**

        This insurance does not apply to:

\* \* \*

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \*

Ex. B at p. 29.

25. **SECTION V – DEFINITIONS** of the Policy contains the following relevant definitions:

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

* * *

9. "Insured contract" means:

* * *

    f.  That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include "temporary worker."

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

* * *

Ex. B at pp. 40, 41, 43.

## THIS DISPUTE

26. Peace Village has sought a defense and indemnity from U.S. Fire under the Policy in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

27. U.S. Fire has determined through its coverage investigation that it owes no obligation to defend or indemnify Peace Village in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

28. U.S. Fire has advised Peace Village in writing that it disclaims any obligation under the Policy to provide a defense to or indemnify it in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

29. U.S. Fire now brings this action to obtain a judicial declaration that it owes no duties under the Policy to defend or indemnify Peace Village in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

## COUNT I
### (Against Defendant Peace Village)

30. U.S. Fire incorporates by reference herein paragraphs 1 through 29, as if the same were fully set forth at length.

31. Pursuant to Exclusion e. Employer's Liability of Coverage A of the Commercial General Liability Coverage Part of the Policy, the insurance provided under the Policy does not apply to "'[b]odily injury' to . . . [a]n 'employee' of the insured arising out of and in the course of . . . [e]mployment by the insured; or . . . [p]erforming duties related to the conduct of the insured's business. Exclusion e. further provides that "[t]his exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury". Ex. B at p. 29.

32. The Policy defines "employee" to include a "leased worker". The Policy further defines "leased worker" to mean "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." Ex. B at pp. 40-41.

33. The Policy provides that the words "you" and "your" refer to the Named Insured shown in the Declarations. Ex. B at p. 28. The Declarations identify Peace Village as the Named Insured under the Policy. Ex. B at pp. 6, 17.

10

34. Upon information and belief, Hampton's employment by Peace Village arose as a result of the Labor Staffing Agreement between Peace Village and Davis Staffing.

35. Upon information and belief, Davis Staffing acts as a labor leasing firm.

36. Upon information and belief, Hampton was working for Peace Village on January 8, 2018 under an agreement between Peace Village and Davis Staffing to perform duties related to the conduct of Peace Village's business.

37. Since Hampton was working for Peace Village on January 8, 2018 under an agreement between Peace Village and Davis Staffing to perform duties related to the conduct of Peace Village's business, Hampton qualified as a "leased worker" as defined in the Policy.

38. As a "leased worker", Hampton qualified as an "employee" of Peace Village, as defined in the Policy, on January 8, 2018 when she slipped and fell on ice in a parking lot while walking into work at the Premises and injured her left ankle.

39. The Complaint in the Underlying Action seeks to impose liability against Peace Village for "bodily injury" to an "employee" of Peace Village (as defined in the Policy), arising out of and in the course of her employment.

40. Accordingly, the Policy does not afford coverage for the claims asserted against Peace Village in the Underlying Action because the Complaint seeks to impose liability against Peace Village for "bodily injury" to an employee of Peace Village arising out of and in the course of her employment which is precluded from coverage by operation of exclusion e. Employer's Liability of Coverage A of the Commercial General Liability Coverage Part of the Policy.

WHEREFORE, U.S. Fire seeks a judgment that it owes no duty under the Policy to defend or indemnify Peace Village in connection with the claims asserted against it in the

Complaint filed in the Underlying Action.

## COUNT II
### (Against Defendant Peace Village)

41. U.S. Fire incorporates by reference herein paragraphs 1 through 40, as if the same were fully set forth at length.

42. Pursuant to Exclusion d. Workers' Compensation and Similar Laws of Coverage A of the Commercial General Liability Coverage Part of the Policy, the insurance provided under the Policy does not apply to "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." Ex. B at 29.

43. Since Hampton qualifies as an "employee" of Peace Village, as defined in the Policy, her exclusive remedy against Peace Village for her alleged injuries would be provided under the workers compensation act.

44. Accordingly, the Policy does not afford coverage to Peace Village for the claims asserted against in the Underlying Action because the Complaint seeks to impose liability against Peace Village for an "obligation of the insured" under the workers compensation act which is precluded from coverage by operation of exclusion d. of Coverage A of the Commercial General Liability Coverage Part of the Policy.

WHEREFORE, U.S. Fire seeks a judgment that it owes no duty under the Policy to defend or indemnify Peace Village in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

## **PRAYER FOR RELIEF**

Plaintiff United States Fire Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants Peace Village and Melanie Hampton, declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to Defendant Peace Village for the claims asserted against it in the Complaint filed in the Underlying Action;

c. U.S. Fire does not owe a duty under the Policy to defend Defendant Peace Village or reimburse defense costs incurred by Defendant Peace Village in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

d. U.S. Fire does not owe a duty under the Policy to indemnify Defendant Peace Village in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

e. U.S. Fire is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Respectfully Submitted,

UNITED STATES FIRE INSURANCE COMPANY

Dated: February 5, 2020

By: */s/ James J. Hickey*
James J. Hickey
One of the Attorneys for Plaintiff
United States Fire Insurance Company

James J. Hickey (Illinois Bar No. 6198334)
James.Hickey@kennedyslaw.com
KENNEDYS CMK
100 North Riverside Plaza, Suite 2100
Chicago, IL 60606
Phone: (312) 800-5000
Fax: (312) 207-2110