IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| V. | ) Case No.: 20-cv-00840 |
| PEACE VILLAGE, an Illinois corporation, and MELANIE HAMPTON, | )<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Plaintiff, United States Fire Insurance Company ("U.S. Fire"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56, for its Memorandum in Support of its Motion for Summary Judgment, states as follows:

**I.   INTRODUCTION**

This Court should grant summary judgment to U.S. Fire in this action finding that U.S. Fire does not owe a duty under its insurance policy to defend or indemnify Peace Village in connection with claims asserted against it in an action captioned *Melanie Hampton v. Peace Village, Peace Properties, LLC, LD Acquisition Company 15 LLC and Peace Memorial Village Development Corp.*, Case No. 2019 L 013387, filed in the Circuit Court of Cook County, Illinois (the "Underlying Action"). The Complaint filed in the Underlying Action (the "Complaint") alleges that Peace Village carelessly and negligently maintained their premises and allowed ice and snow to accumulate on the outside entrance of its premises which caused Melanie Hampton to slip and fall and causing her serious injury. *See* Complaint for Declaratory Judgment ("U.S. Fire's Compl."), ECF #1 at Exhibit A.

Peace Village has sought coverage for the claim(s) asserted against it in the Underlying Action under a Commercial General Liability policy issued by U.S. Fire (the "Policy"). U.S.

Fire has brought this action to obtain a judicial determination that it owes no duty under the Policy to defend or indemnify Peace Village in connection with the claims asserted against it in the Underlying Action. For the following reasons, U.S. Fire is entitled to summary judgment in this action.

## II. UNDISPUTED FACTS

### A. The Underlying Action

1. On December 5, 2019, Melanie Hampton, ("Hampton") filed the Complaint in the Underlying Action, which asserted the following claim against Peace Village, Count I--Negligence. *See* U.S. Fire's Compl., ECF #1 at ¶ 11-20; Peace Village's Answer to Compl. ECF #15 at ¶ 11-20.

2. The Complaint alleges that, on or about January 8, 2018, Peace Village owned, operated, maintained, managed and/or controlled the property located at 10300 Village Circle Drive in Palos Park, Illinois (the "Premises"). *See* U.S. Fire's Compl., ECF #1 at ¶ 13; Peace Village's Answer to Compl. ECF #15 at ¶ 13.

3. The Complaint further alleges that, on or about January 8, 2018, Peace Village engaged in the operation, management and control of commercial buildings which required the presence of business invitees on the Premises, such as Hampton. *See* U.S. Fire's Compl., ECF #1 at ¶ 14; Peace Village's Answer to Compl. ECF #15 at ¶ 14.

4. The Complaint further alleges that, on or about January 8, 2018, Hampton was lawfully on the Premises, as a business invitee, for the benefit of Peace Village. *See* U.S. Fire's Compl., ECF #1 at ¶ 15; Peace Village's Answer to Compl. ECF #15 at ¶ 15.

5. The Complaint further alleges that it was the duty of Peace Village to manage, maintain, and control the Premises in such a manner so as to not cause injury to Hampton or others who were lawfully on the Premises. *See* U.S. Fire's Compl., ECF #1 at ¶ 16; Peace Village's Answer to Compl. ECF #15 at ¶ 16.

6. The Complaint further alleges that, notwithstanding such duty, Peace Village, by and through its agents and/or employees, was guilty of one or more of the following negligent acts and/or omissions:

a. Carelessly and negligently allowed the outside entrance area and walkway to remain in an unsafe condition when they knew or should have known that water would unnaturally accumulate and freeze, thus creating a dangerous and hazardous condition for all individuals lawfully in that area;

b. Carelessly and negligently failed to maintain the Premises in a reasonably safe condition for use by individuals lawfully on the Premises by failing to remove ice, water and snow in a proper and safe fashion;

c. Carelessly and negligently failed to provide a safe place for people, and particularly the Plaintiff herein, to walk in the outside entrance area that leads to and from the Premises by allowing water, ice and/or snow to unnaturally accumulate, thereby creating a hazardous condition;

d. Carelessly and negligently failed to warn people or the Plaintiff Melanie Hampton to proceed with caution because of the existence of water, snow and ice in the outside entrance area;

e. Carelessly and negligently failed to remove snow and ice so as to provide a safe place for the Plaintiff Melanie Hampton to walk when they knew or should have known that the area was dangerous;

f. Carelessly and negligently failed to instruct employees to properly remove water, ice and/or snow, thereby creating a dangerous and hazardous condition for people to walk;

g. Carelessly and negligently failed to remove water, ice and/or snow that unnaturally accumulated as a result of the overhang at or near the outside entrance area causing

3

      an unnatural accumulation of water and ice, creating a hazardous and dangerous condition for the Plaintiff when Peace Village knew or should have known of the dangerous condition for a long time prior to the incident involving Plaintiff;

h. Carelessly and negligently permitted said area to become and remain in a condition dangerous to patrons passing over it, although Peace Village knew or, in the exercise of ordinary care, should have known or had sufficient notice of such condition and the danger thereof to patrons passing over said area;

i. Carelessly and negligently failed to maintain said area at the place aforesaid in a reasonably safe condition for use by pedestrians;

j. Carelessly and negligently permitted said area to become and remain in a condition dangerous to pedestrians using it, although it knew or should have known, or had sufficient notice of such condition and the danger to pedestrians, including Plaintiff, using said area;

k. Carelessly and negligently failed to inspect said area although it had reason to believe said condition was dangerous or had sufficient notice of the dangerous condition thereof to pedestrians using said area; and

l. Carelessly and negligently failed to shovel and/or otherwise remove ice, water and snow from said area, or place salt in a reasonably safe manner for use by pedestrians when it knew it was dangerous for patrons to walk on and around said area.

*See* U.S. Fire's Compl., ECF #1 at ¶ 17; Peace Village's Answer to Compl. ECF #15 at ¶ 17.

    7.    The Complaint further alleges that, as a direct and proximate result of one or more of the alleged acts and/or omissions of Peace Village, Hampton was caused to slip and fall as a result of said condition, and strike the ground in a manner which caused serious injury to Hampton. *See* U.S. Fire's Compl., ECF #1 at ¶ 18; Peace Village's Answer to Compl. ECF #15 at ¶ 18.

4

8. The Complaint further alleges that, as a result of Peace Village's negligent acts and/or omissions, Hampton was seriously and permanently injured, became disabled, has suffered and in the future will suffer physical pain, has incurred and will continue to incur sums in obtaining care and treatment trying to cure herself of injuries. *See* U.S. Fire's Compl., ECF #1 at ¶ 19; Peace Village's Answer to Compl. ECF #15 at ¶ 19.

9. In Count I of the Complaint, Hampton seeks the entry of a judgment against Peace Village in an amount in excess of $50,000, plus the cost of the Underlying Action. *See* U.S. Fire's Compl., ECF #1 at ¶ 20; Peace Village's Answer to Compl. ECF #15 at ¶ 20.

**B.  The Policy**

10. United States Fire Insurance Company issued Policy Number 5432200614 to Named Insured Peace Village which provided Commercial General Liability coverage with limits of liability of $1,000,000 Each Occurrence and a $3,000,000 General Aggregate, with effective dates of January 1, 2018 to January 1, 2019 (the "Policy"). *See* U.S. Fire's Compl., ECF #1 at ¶ 21; Peace Village's Answer to Compl. ECF #15 at ¶ 21. A true and correct certified copy of the Policy is attached to the Complaint ECF #1 Exhibit B.

11. Coverage A under the Commercial General Liability Coverage Part of the Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

5

  **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

  **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

* * *

 **b.** This insurance applies to "bodily injury" and "property damage" only if:

  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

  **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

* * *

*See* U.S. Fire's Compl., ECF #1 at ¶ 22; Peace Village's Answer to Compl. ECF #15 at ¶ 22.

 12. The Commercial General Liability Coverage Part of the Policy also contains the following language regarding "Who Is An Insured":

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

* * *

 **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * *

*See* U.S. Fire's Compl., ECF #1 at ¶ 23; Peace Village's Answer to Compl. ECF #15 at ¶ 23.

 13. Coverage A under the Commercial General Liability Part of the Policy includes the following pertinent exclusions:

**2. Exclusions**

 This insurance does not apply to:

6

\* \* \*

### d. Workers' Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

### e. Employer's Liability

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

    (a) Employment by the insured; or

    (b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

\* \* \*

*See* U.S. Fire's Compl., ECF #1 at ¶ 24; Peace Village's Answer to Compl. ECF #15 at ¶ 24.

14.    **SECTION V – DEFINITIONS** of the Policy contains the following relevant definitions:

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

\* \* \*

9. "Insured contract" means:

7

* * *

 f. That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include "temporary worker."

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

* * *

See U.S. Fire's Compl., ECF #1 at ¶ 25; Peace Village's Answer to Compl. ECF #15 at ¶ 25.

 15. A Labor Staffing Agreement between Peace Village and Davis Staffing, Inc. was in effect on the date Hampton allegedly slipped and fell and sustained injuries. See U.S. Fire's Compl., ECF #1 at ¶ 34; Peace Village's Answer to Compl. ECF #15 at ¶ 34.

 16. At the time Hampton allegedly slipped and fell and sustained injuries, Davis Staffing, Inc. acted as a labor leasing firm. See U.S. Fire's Compl., ECF #1 at ¶ 35; Peace Village's Answer to Compl. ECF #15 at ¶ 35.

### III. <u>LEGAL STANDARD</u>

A movant is entitled to summary judgment under Fed.R.Civ.P. 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1209 (7th Cir.1993). Once a moving party has met its burden, the nonmoving party

must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Becker v. Tenenbaum–Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir.1990).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Stewart v. McGinnis*, 5 F.3d 1031, 1033 (7th Cir.1993). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

As this is a diversity case, Illinois substantive law applies. *State Auto Prop. & Cos. Ins. Co. v. Brumit Servs.*, 877 F.3d 355, 357 (7th Cir. 2017). In Illinois, the construction of an insurance policy and its provisions is a question of law. *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 166 Ill.2d 520, 529 (1995). "[A]n insurer has no duty to defend where it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." *Connecticut Indem., Co. v. DER Travel Service, Inc.*, 328 F.3d 347, 349 (7th Cir. 2003). Further, "[a]n insurer has the right to limit coverage on a policy, and where an insurer has done so, a court must give effect to the plain language of the limitation, absent a conflict with the law." *Phusion Projects, Inc. v. Selective Ins. Co.*, 2015 IL App (1st) 150172, ¶ 47 (internal citation omitted).

**IV.  ARGUMENT**

For the following reasons, based on the undisputed material facts in this matter, U.S. Fire is entitled to summary judgment that, pursuant to the operation of exclusion e. Employer's

Liability and/or exclusion d. Workers' Compensation and Similar Laws of Coverage A of the Commercial General Liability Coverage Part of the Policy, it does not owe an obligation under the Policy to defend or indemnify Peace Village in connection with the claims asserted against it in the Underlying Action.

### A. Coverage is Precluded As A Matter of Law By Operation Of Exclusion e.-- Employer's Liability of Coverage A of the Commercial General Liability Part of the Policy

Exclusion e. Employer's Liability of Coverage A of the Policy's Commercial General Liability Part provides, in pertinent part, that "[t]his insurance does not apply to . . . '[b]odily injury' to . . . [a]n 'employee' of the insured arising out of and in the course of . . . [e]mployment by the insured; or . . . [p]erforming duties related to the conduct of the insured's business." Exclusion e. further provides that "[t]his exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury". *See* U.S. Fire's Compl., ECF #1 - Ex. B at p. 29.

The Seventh Circuit has consistently interpreted similar exclusions as precluding coverage for claims for injuries to an employee of an insured which allegedly occurred in the course of employment by the insured or in performing duties related to the conduct of the insured's business. *See Michigan Mutual Liability Co. v. Continental Casualty Co.,* 297 F.2d 208 (7th Cir. 1961); *Ferrell v. State Automobile Ins. Assn. of Indianapolis*, 303 F.2d 897 (7th Cir. 1962); *Artisan and Truckers Casualty Co. v. A&K Rentals, LLC.,* 2018 WL 278748 (7th Cir. 2018). The Seventh Circuit has stated that the employer's liability exclusion does not attempt to say who is an insured, but simply sets forth the agreement of the parties that the policy shall not be applicable to certain situations, including those involving injury to an employee of the insured while acting in the scope of his employment and thus subject to the

10

Worker's Compensation Act. *Ohio Cas. Ins. Co. v. U.S. Fidelity & Guaranty Co.,* 79 Ill.App.2d 457, 461 (1967).

The Policy defines "employee" to include a "leased worker". ECF #1- Ex. B at pp. 40-41. The Policy further defines "leased worker" to mean "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." *Id*. The Policy also provides that the words "you" and "your" refer to the Named Insured shown in the Declarations. ECF #1 - Ex. B at pp. 6, 17. The Declarations to the Policy identify Peace Village as the Named Insured under the Policy. *Id.*

Peace Village admits in its Answer to the Complaint in this declaratory action that a Labor Staffing Agreement between Peace Village and a labor leasing firm, Davis Staffing, Inc., was in effect on the date Hampton allegedly slipped and fell as she walked on a walkway leading into the outside entrance of the Premises. *See* U.S. Fire's Compl., ECF #1 at ¶ 34; Peace Village's Answer to Compl. ECF #15 at ¶ 34. There is no dispute that, pursuant to such agreement, Hampton was leased to Peace Village by Davis Staffing, Inc. to perform duties related to the conduct of Peace Village's business. As a result, Hampton qualified as a "leased worker", as defined in the Policy, when she allegedly fell and sustained injuries on January 8, 2018. Accordingly, because the Policy defines "employee" to include a "leased worker", Hampton qualified as an "employee" of Peace Village, as defined in the Policy, when she slipped and fell on ice while walking into the Premises.

The allegations of the Complaint in the Underlying Action seek to impose liability against Peace Village for "bodily injury" to an "employee" of Peace Village (as defined in the Policy), arising out of and in the course of "[e]mployment by the insured; or . . . [p]erforming duties related to the conduct of the insured's business." Accordingly, coverage for the claim asserted against Peace Village in the Underlying Action is precluded as a matter of law by the

11

operation of exclusion e. Employer's Liability of Coverage A of the Commercial General Liability Part of the Policy.

> **B.** **Coverage Is Precluded As A Matter of Law By Operation Of Exclusion d. – Workers' Compensation and Similar Laws.**

Exclusion d. Workers' Compensation and Similar Laws of Coverage A of the Policy's Commercial General Liability Coverage Part provides, in pertinent part, that "[t]his insurance does not apply to . . . [a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." ECF #1 - Ex. B at 29. The Illinois Workers' Compensation Act (820 ILCS 305/1) provides the exclusive remedy for injuries sustained by an employee while engaged in duties as an employee. (*See* Section 5(a) and Section 11 of the Illinois Workers' Compensation Act). The Illinois Employee Leasing Company Act (215 ILCS 113/1) further states that its purpose is to ensure "that an employer that leases some or all of its workers properly obtains workers' compensation insurance coverage for all of its employees, *including those leased from another entity, . . .*" (*See* 215 ILCS 113/5).

It is undisputed that, pursuant to the Labor Staffing Agreement, Hampton was leased to Peace Village by Davis Staffing, Inc. to perform duties related to the conduct of Peace Village's business and, therefore, qualified as a "leased worker" when she fell on ice while walking into the Premises and injured her left ankle. The Policy defines "employee" to include a "leased worker" and, therefore, Hampton was an "employee" of Peace Village, as defined in the Policy, at the time of such incident. The Illinois Workers' Compensation Act provides the exclusive remedy for injuries sustained by an employee while engaged in duties as an employee, and the Illinois Employee Leasing Company Act further provides that an employer that leases some or all of its workers is to obtain workers' compensation insurance coverage "for all of its employees, including those leased from another entity, . . ." (*See* 215 ILCS 113/5).

12

The allegations of the Complaint in the Underlying Action seek to impose liability against Peace Village for injuries Hampton allegedly sustained while performing duties as an employee leased by Peace Village from Davis Staffing, Inc., for which the Illinois Workers' Compensation Act (820 ILCS 305/1) provides the exclusive remedy. As a result, the Complaint in the Underlying Action seeks to impose liability for an obligation of Peace Village under the Illinois Workers Compensation Act for which coverage is precluded as a matter of law by operation of Exclusion d. Workers' Compensation and Similar Laws of Coverage A of the Commercial General Liability Coverage Part of the Policy.

## V. CONCLUSION

For the reasons stated herein, United States Fire Insurance Company is entitled to summary judgment that it owes has no obligation under the Policy to defend or indemnify Peace Village in connection with the claims asserted against it in the Underlying Action.

Dated: February 1, 2021

Respectfully Submitted,

UNITED STATES FIRE INSURANCE COMPANY

/s/ James J. Hickey
James J. Hickey (Illinois Bar No. 6198334)
james.hickey@kennedyslaw.com
Sean M. Phillips (Illinois Bar No. 6317897)
sean.phillips@kennedyslaw.com
KENNEDYS CMK LLP
100 North Riverside Plaza, Suite 2100
Chicago, Illinois 60606
Phone: (312) 800-5000
Fax: (312) 207-2110

13

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing Plaintiff's Memorandum in Support of its Motion for Summary Judgment was filed and served via the Court's CM/ECF upon all counsel of record listed below on February 1, 2021:

Margaret A. Manetti
Sosin, Arnold & Schoenbeck, Ltd.
9501 W. 144th Place, Suite 205
Orland Park, Illinois 60462
Phone: (708) 448-8141
mmanetti@sosinarnold.com
*Attorney for Defendant Peace Village*

                                                        s/James J. Hickey
                                                        James J. Hickey (Illinois Bar No. 6198334)
                                                        James.Hickey@Kennedyslaw.com
                                                        Sean M. Phillips (Illinois Bar No. 6317897)
                                                        sean.phillips@kennedyslaw.com
                                                        KENNEDYS CMK LLP
                                                        100 North Riverside Plaza, Suite 2100
                                                        Chicago, Illinois 60606
                                                        Phone: (312) 800-5000
                                                        Fax: (312) 207-2110

## **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, being first duly sworn on oath, deposes and states that **Plaintiff's Memorandum in Support of its Motion For Summary Judgment** wa**s** served via the Court's CM/ECF upon all counsel of record listed below on February 1, 2021:

Margaret A. Manetti
Sosin, Arnold & Schoenbeck, Ltd.
9501 W. 144th Place, Suite 205
Orland Park, IL 60462
mmanetti@sosinarnold.com
Tel: 708-448-8141
Fax: 708-448-8140
*Attorney for Peace Village*


And via U.S. Mail on February 2, 2021 to Defendant:

Melanie Hampton
10300 Village Circle Drive
Palos Park, IL 60464

                                           */s/Barbara A Jabaay*
                                           Barbara A. Jabaay
                                           Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, I certify that the statement set forth herein are true and correct.