IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) V. ) ) PEACE VILLAGE, an Illinois corporation, ) and MELANIE HAMPTON, ) ) Defendants. ) ) | Case No. 20-cv-00840 Judge John F. Kness |

**DEFENDANT PEACE VILLAGE'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, Peace Village ("Defendant"), by and through its undersigned counsel, as and for its Response to Plaintiff's Motion for Summary Judgment and Memorandum in Support ("Motion"), states as follows:

**I.      INTRODUCTION**

Plaintiff's Motion must be denied because its entire Motion is based upon the unsupported factual conclusion that Defendant Melanie Hampton ("Hampton") was Defendant's leased or borrowed employee at the time of Hampton's alleged accident. Indeed, the Cook County Circuit Court in the underlying action recently ruled that it is a genuine issue of material fact as to whether Hampton was a leased or borrowed employee at the time of the alleged accident. In light of the Circuit Court's ruling, and the fact that Plaintiff provided no evidence to support a conclusion that Hampton was a leased employee, it is a genuine issue of material fact as to whether the subject insurance policy's exclusions relating to "Employer Liability" and "Workers' Compensation" are applicable at this stage of the proceedings. Accordingly, Plaintiff is not entitled to judgment as a matter of law and its Motion must be denied.

II. **LEGAL STANDARD**

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F. 3d 582, 584 (7th Cir. 2009). Credibility determinations, weighing evidence, or drawing legitimate inferences from the facts are not the court's function when ruling on a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine dispute of material fact exists if the "evidence is such that a reasonable jury could return a verdict for nonmoving party." *Id.* at 248.

III. **ARGUMENT**

**Plaintiff Is Not Entitled To Judgment As A Matter Of Law Because It Remains A Question Of Material Fact As To Whether Hampton Was A Leased Employee**

Plaintiff's Motion is based solely upon the conclusion that Hampton was Defendant's leased or borrowed employee at the time of her alleged accident. Plaintiff's conclusion is not supported by any evidence whatsoever. Accordingly, Plaintiff's Motion must be denied.

In deciding if there is a duty to defend, a "court must look to the allegations in the underlying complaint and compare these allegations to the relevant provisions of the insurance policy. . . . If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises." *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 346 (7th Cir. 2010) (citing *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90 (1992)). "An insurer may refuse to defend only if 'it is **clear** from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy.'" *Health Care Industry*

*Insurance v. Momence Meadows*, 566 F.3d 689, 694 (7th Cir. 2009) (quoting *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill. 2d 352, 363 (2006)) (emphasis added). In addition, and as noted in Defendant's Response to Plaintiff's "Statement of Facts" (filed contemporaneously with this Response), a movant's "facts" must be limited to factual allegations, conclusory allegations are improper, and a movant must not assert facts not accurately supported by the record. *See Grabianski v. Bally Total Fitness Holding Corp.*, 169 F. Supp. 3d 785, 788, 791 n.7 (N.D. Ill. 2015); *De v. City of Chi.*, 912 F. Supp. 2d 709, 711-13 (N.D. Ill. 2012); L.R. 56.1(d)(2) and (4).

Plaintiff's Motion relies upon Plaintiff's Complaint, the Hampton Complaint, the subject insurance policy, and Defendant's Answer. Except for the conclusory, unsupported allegations in Plaintiff's Complaint, none of Plaintiff's "evidence" relieves it of its duty to defend Defendant in the underlying action.

Hampton's Complaint refers to Hampton as a "business invitee" on the day of her alleged accident. Plaintiff's Statement of Facts ("SOF") 4; ECF #1, Ex. A thereto at p. 2, ¶ 3. Hampton's Complaint has no references or allegations regarding Hampton as Defendant's employee, leased or otherwise. *See generally* ECF #1, Ex. A thereto. Under applicable case law, Hampton's Complaint falls within Plaintiff's policy's coverage and Plaintiff has a duty to defend Defendant in the underlying action. *See Santa's Best Craft*, 611 F.3d at 346; *Health Care Industry*, 566 F.3d at 694. The policy exclusions Plaintiff's relies upon in its Motion cannot apply unless and until it is determined that Hampton was a leased or borrowed employee at the time of her alleged accident. Certainly, Hampton's Complaint does not support a finding that she was a leased or borrowed employee.

In order for Plaintiff's Motion to prevail, then, Plaintiff needed to supply conclusive evidence that Hampton was a leased or borrowed employee at the time of her injuries and that the

insurance policy's exclusions apply to relieve Plaintiff of its duty to defend. It appears conclusive that the subject insurance policy obligates Plaintiff to defend Defendant in the underlying action and to provide coverage to Defendant for Hampton's alleged injuries if Hampton was not a leased employee. Pl.'s SOF 11, 13-14; *see also* ECF #1, Ex. B thereto at 28-29, 40-41, 43. Thus, proving that Hampton was a leased or borrowed employee is essential to Plaintiff's Motion. As set forth below, Plaintiff has not met its burden.

In its Memorandum in support of its Motion, Plaintiff refers to the labor staffing agreement between Defendant and a labor leasing firm, Davis Staffing, Inc. ECF #17 at 11. Without supplying that agreement or any other evidence, Plaintiff makes the unsupported evidentiary conclusion that Hampton was a "leased worker" as defined in the subject insurance policy. *Id.* Plaintiff further asserts the unsupported conclusion that Hampton seeks "to impose liability against Peace Village for injuries Hampton allegedly sustained while performing duties as an employee leased by Peace Village from Davis Staffing, Inc." *Id.* at 13. Neither of these conclusions are sustained by any evidence in the record.

In addition to summarily labeling Hampton as a "leased worker", Plaintiff also failed to refer to Illinois law regarding how courts determine whether or not an individual was a leased or borrowed employee. Under Illinois law, there is a two-part inquiry to determine if an individual is a leased or borrowed employee:

> "(1) whether the special employer . . . had the right to direct and control the manner in which claimant performed the work; and
>
> (2) whether there existed a contract of hire between claimant and [the special employer]."

*A. J. Johnson Paving Co. v. Industrial Commission*, 82 Ill. 2d 341, 348 (1980). Generally, whether a person is a leased or borrowed employee is a question of fact. *Id.* Plaintiff provided no evidence

supporting either one of the above requirements and, instead, simply made an unfounded conclusion that Hampton was a leased employee.

Defendant filed a motion to dismiss the underlying action primarily based upon the argument that Hampton was its leased or borrowed employee at the time of her alleged accident, thus, her claims were barred by the Illinois Workers' Compensation Act (820 ILCS 305/1, *et seq.*). Defendant's Statement of Additional Material Facts ("SOAF") 4. In response, Hampton argued that she was not a leased or borrowed employee at the time of her alleged accident because, among other things: (i) she allegedly slipped and fell outside Defendant's front door after arriving at Defendant's premises; (ii) she had not yet entered Defendant's building when she fell; (iii) she had not yet "clocked in" or started any work when she fell; and (iv) she had never been subject to Defendant's direction and control at the time of the alleged accident. Def.'s SOAF 5. After Plaintiff filed its Motion, the underlying Circuit Court denied Defendant's motion to dismiss Hampton's Complaint, ruling that there were "genuine issues of material fact as to whether Plaintiff Hampton was a borrowed employee of Defendant Peace Village at the time of the accident." Def.'s SOAF 1. The Circuit Court also stated "as a matter of law", it could not determine "whether [Defendant] had the right to direct and control the manner of Plaintiff Hampton's work." Def.'s SOAF 2.

Declaratory judgment is improper where it requires factual findings that might conflict with state court actions. *Twin City Fire Ins. Co. v. Law Office of John S. Xydakis, P.C.*, 407 F. Supp. 3d 771, 778 (N.D. Ill. 2019). "Under Illinois law, the so-called *Peppers* doctrine provides that 'it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation.'" *Twin City Fire*, 407 F. Supp. 3d at 778 (quoting *Allstate Ins. Co. v. Kovar*, 363 Ill. App. 3d 493, 501 (2d Dist.

2006) (citing *Maryland Cas. Co. v. Peppers*, 64 Ill. 2d 187, 197 (1976)). "In *Peppers*, the Illinois Supreme Court held that the trial court in an insurance coverage case abused its discretion when it found that the insured (the defendant in an underlying personal injury action) had intentionally caused injury to the plaintiff in the underlying litigation. The Illinois Supreme Court held that this issue was one of the 'ultimate facts upon which recovery is predicated in the [underlying] personal injury action against [the defendant].'" *Twin City Fire*, 407 F. Supp. 3d at 778 (citing *Peppers*, 64 Ill. 2d at 197). The *Peppers* court "reasoned that such a determination regarding the declaratory judgment action was 'premature,' and that the collateral estoppel effect of any factual determinations in the declaratory judgment action would interfere with the adjudication of the underlying action." *Twin City Fire*, 407 F. Supp. 3d at 778 (citing *Peppers*, 64 Ill. 2d at 197). "Thus, in insurance coverage litigation, the *Peppers* doctrine 'specifically precludes determination of any ultimate facts upon which liability or recovery might be predicated in the underlying case.'" *Twin City Fire*, 407 F. Supp. 3d at 778 (quoting *Landmark Am. Ins. Co. v. NIP Grp., Inc.*, 2011 IL App. (1st) 101155, ¶59).

Granting Plaintiff's Motion would require a factual finding that would conflict with the Circuit Court's determination in the underlying action that Hampton's employment status is a question of fact, in violation of the *Peppers* doctrine. *See Peppers*, 64 Ill. 2d at 197; *Twin City Fire*, 407 F. Supp. 3d at 778   The Circuit Court's ruling highlights Plaintiff's complete lack of evidence supporting its conclusion that Hampton was a leased employee. At this stage of the proceedings, it cannot be determined, as a matter of law, that Hampton was Defendant's leased or borrowed employee. The Circuit Court's ruling currently deprives Defendant of the protections afforded employers under the Illinois Workers' Compensation Act and deprives Defendant of workers' compensation insurance coverage. If Plaintiff's Motion is granted, Defendant would also

be deprived of the protections afforded by its Commercial General Liability policy with Plaintiff, when it has not been determined whether or not Hampton was a leased or borrowed employee and whether or not the Illinois Workers' Compensation Act applies to Hampton's alleged injuries. Accordingly, Plaintiff's Motion must be denied.

### IV. CONCLUSION

Plaintiff focuses on its insurance policy's exclusions without regard to the facts alleged in Hampton's Complaint and without regard for any evidentiary support for its unsupported claim that Hampton was a leased employee. The Circuit Court's recent ruling in the underlying action that it is a genuine issue of material fact as to whether Hampton was a leased employee forecloses any relief for Plaintiff at this time. As such, Plaintiff is not entitled to judgment as a matter of law and its Motion must be denied.

Dated: March 17, 2021                                Respectfully submitted,

                                                     PEACE VILLAGE

                                                     By: /s/ *Margaret A. Manetti*
                                                             One of Its Attorneys


Margaret A. Manetti (Atty. No. 6287000)
SOSIN, ARNOLD & SCHOENBECK, LTD.
9501 W. 144th Place, Suite 205
Orland Park, Illinois 60462
Phone: (708) 448-8141
Fax: (708) 448-8140
E-mail Address:  mmanetti@sosinarnold.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a copy of the foregoing **Defendant Peace Village's Response to Plaintiff's Motion for Summary Judgment** to be served on March 17, 2021, via the ECF filing system to the following persons identified below:

James J. Hickey
Sean M. Phillips
Kennedys CMK LLP
100 North Riverside Plaza, Suite 2100
Chicago, Illinois 60606
Phone: (312) 800-5000
James.Hickey@Kennedyslaw.com
Sean.Phillips@Kennedyslaw.com
*Attorneys for Plaintiff*

/s/ *Margaret A. Manetti*