IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | ) |
| V. | ) Case No.: 20-cv-00840 |
| | ) |
| PEACE VILLAGE, an Illinois corporation, and MELANIE HAMPTON, | )<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR**
**SUMMARY JUDGMENT**

Plaintiff, United States Fire Insurance Company ("U.S. Fire"), through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56, as its Reply in Support of its Motion for Summary Judgment (the "Motion"), states as follows:

**I.    INTRODUCTION**

For the following reasons, and the reasons set forth in the Motion and U.S. Fire's Memorandum in Support of its Motion for Summary Judgment (the "Memorandum") (ECF No. 16, 17), U.S. Fire is entitled to summary judgment that, pursuant to the operation of exclusion e. Employer's Liability (the "Employer's Liability Exclusion") and/or exclusion d. Workers' Compensation and Similar Laws ( the "Workers Compensation and Similar Laws Exclusion") contained in Coverage A of the Commercial General Liability Coverage Part of the Policy, it does not owe an obligation under the Policy to defend or indemnify Peace Village in connection with the claims asserted against it in the Underlying Action.

In its Response to U.S. Fire's Motion for Summary Judgment (the "Response"), Peace Village asserts that U.S Fire's request for summary judgment is improper because a determination in this action regarding the application of the above referenced Policy exclusions will require the Court to make findings regarding facts that are disputed and at issue in the

Underlying Action. (ECF No. 20). Contrary to Peace Village's assertion, a determination by this Court regarding whether the Employer's Liability Exclusion contained in the Policy operates to preclude coverage to Peace Village for the claims asserted against it in the Underlying Action would not require this Court to make findings as to facts that will be determinative of Peace Village's liability in the Underlying Action. At issue in the Underlying Action is whether the injured worker, Hampton, qualifies as a "borrowed employee" under the Illinois Workers' Compensation Act (the "Act"), a term which is strictly and narrowly defined under the Act. Whether Hampton qualifies as a "borrowed employee" under the Act depends on specific factual inquiries which are not relevant to the application of the Employer's Liability Exclusion contained in the Policy. Rather, the Employer's Liability Exclusion applies to bodily injury sustained by "employees", a term which is broadly defined under the Policy to include, *inter alia*, "leased workers". For the reasons discussed below, a determination in this declaratory action regarding whether Hampton qualifies as an "employee" as defined under the Policy will not require this Court to make findings as to facts which are at issue in the Underlying Action.

Moreover, for the reasons discussed herein, no genuine issue of material fact exists regarding whether Hampton qualifies as an "employee" as defined under the Policy. The Policy defines "employee" to include a "leased worker". A "leased worker" is defined under the Policy as "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." It is undisputed that, at the time of her injuries, Hampton was performing work for Peace Village pursuant to its contract with a labor leasing firm and, therefore, Hampton falls squarely within the Policy's definition of "leased worker." Accordingly, at the time of her injury, Hampton qualified as an "employee" of Peace Village as defined under the Policy and, therefore, coverage for the

injuries she allegedly suffered on January 8, 2018 is precluded by operation of the Employer's Liability Exclusion of the policy.

## II. ARGUMENT

### A. This Court's Determination Regarding Whether the Employer's Liability Exclusion Operates to Preclude Coverage For The Claims Asserted Against Peace Village in the Underlying Action Does Not Require Findings as to Facts Determinative of Peace Village's Liability in the Underlying Action.

Exclusion e. Employer's Liability of Coverage A of the Policy's Commercial General Liability Part provides, in pertinent part, that "[t]his insurance does not apply to . . . '[b]odily injury' to . . . [a]n 'employee' of the insured arising out of and in the course of . . . [e]mployment by the insured; or . . . [p]erforming duties related to the conduct of the insured's business." Exclusion e. further provides that "[t]his exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury". *See* U.S. Fire's Compl., ECF #1 - Ex. B at p. 29. The Policy defines "employee" to include a "leased worker". ECF #1- Ex. B at pp. 40-41. The Policy further defines "leased worker" to mean "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." *Id*.

In the Underlying Action, Peace Village filed a motion to dismiss arguing, in part, that the claims against it are barred by the exclusive remedy provision of the Illinois Workers' Compensation Act (820 ILCS 305/1 *et seq.* (the "Act")) because Hampton was performing work as an "employee" of Peace Village, as that term is defined under the Act. Hampton opposed the motion, arguing that she was not acting as an "employee" as defined under the Act at the time of her injuries and, therefore, her claims are not barred by the Act. The court in the Underlying Action declined to decide the issue as a matter of law, and denied Peace Village's motion.

3

After arguing that Hampton was its "employee" as defined under the Act in the Underlying Action, Peace Village now argues in its Response that it would be improper for this Court to determine whether the Employer's Liability Exclusion of the Policy bars coverage for the claims in the Underlying Action because the court in the Underlying Action denied its motion to dismiss. Specifically, Peace Village argues that granting the Motion would require a factual finding that would conflict with the ruling by the court in the Underlying Action on its motion to dismiss, "in violation of the *Peppers* doctrine." ECF No. 20, at p. 6. This argument fails for several reasons.

Despite Peace Village's assertion to the contrary, in determining whether the Employer's Liability Exclusion contained in the Policy operates to preclude coverage for the claims asserted against Peace Village in the Underlying Action, this Court will not be required to make findings regarding any facts that will be determinative of Peace Village's liability in the Underlying Action. Peace Village affirmatively argued in the Underlying Action that Hampton was its "employee" under the Act. Section 5(a) of the Act provides: "No common law or statutory right to recover damages from the employer … for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act." 820 ILCS 305/5. This exclusive remedy provision of the Act applies to claims against employers of "employees," which includes "borrowed employees." *Morales v. Herrera*, 2016 IL App (1st) 153540 at ¶14. To determine whether Hampton is a "borrowed employee" for purposes of the Act, the factual issues that need to be decided by the court in the Underlying Action are: (1) whether the special employer had the right to direct and control the manner of the employee's work and (2) whether a contract of hire, express or implied, existed between the employee and the special employer. *Id.* at ¶14; *see* Order on MTD in Underlying Action at ECF No. 21-1.

In contrast, to determine whether the Employer's Liability Exclusion contained in the Policy operates to preclude coverage for the claims asserted against Peace Village in the Underlying Action, this Court will need to decide whether Hampton qualifies as an "employee" as defined under the Policy. The Policy defines "employee" to include a "leased worker," and further defines "leased worker" to mean "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." ECF No. 1-2, at pp. 40-41. Based on how the Policy broadly defines "leased worker," a determination regarding whether Hampton qualifies as an "employee" under the Policy will not require this Court to make factual findings regarding (i) whether Peace Village had the right to direct and control the manner of Hampton's work or (ii) whether a contract existed between Hampton and Peace Village, as is required in determining whether a person is an "employee" under the Act. Rather, this Court's determination as to whether Hampton is a "leased worker" will require factual findings as to whether: (A) Davis Staffing, Inc. is a labor leasing firm; (B) whether Hampton was leased to Peace Village under an agreement between Peace Village and Davis Staffing, Inc.; and (C) Hampton was leased under said agreement to perform duties related to the conduct of Peace Village's business. Given that findings on these issues are neither required nor relevant to a determination of whether a person qualifies as an "employee" as defined under the Policy, this Court's determinations regarding the coverage issues in this action will not require it to make findings regarding facts which are determinative of Peace Village's liability in the Underlying Action.

For the foregoing reasons, the factual determinations this Court will need to make in this declaratory action are substantively different in nature and independent of the factual findings that will need to be made in determining Peace Village's liability in the Underlying Action.

**B. Because This Court's Determination Of The Issues In This Action Do Not Require Findings As to Facts Determinative of Peace Village's Liability in the Underlying Action, this Court May Consider Extrinsic Evidence in Determining the Coverage Issues in This Action**

In its Response, Peace Village argues that U.S. Fire's motion for summary judgment fails because a determination of whether the Employer's Liability Exclusion operates to preclude coverage for the claims asserted in the Underlying Action cannot be determined from the allegations contained in the complaint filed in the Underlying Action. Moreover, Peace Village further contends that U.S. Fire's assertion in the Motion that Hampton was Peace Village's leased worker at the time of her injuries "is not supported by any evidence whatsoever". (ECF No. 20 at p. 2).

However, "[w]hen an insurer files a declaratory proceeding challenging its duty to defend, the court may consider evidence beyond the underlying complaint so long as the court does not determine an issue critical to the underlying action." *Nat'l Cas. Co. v. S. Shore Iron Works, Inc.*, 341 F. Supp. 3d 884, 890 (N.D. Ill. 2018) (citing *Fid. & Cas. Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill. App. 3d 301 (1st Dist. 1983). "To require the trial court to look solely to the complaint in the underlying action to determine coverage would make the declaratory proceeding little more than a useless exercise possessing no attendant benefit and would greatly diminish a declaratory action's purpose of settling and fixing the rights of the parties." *Id.* For the reasons set forth above, this Court's determination regarding whether the Policy provides coverage to Peace Village does not require a finding regarding any ultimate fact in the Underlying Action and, therefore, this Court may look to evidence beyond the allegation of the Complaint in the Underlying Action and the Policy to determine whether U.S. Fire owes any coverage obligations to Peace Village under the Policy.

### C. The Evidence Produced By U.S. Fire Establishes That Coverage For the Claims Asserted Against Peace Village In the Underlying Action Is Precluded by Operation of the Employers Liability Exclusion of the Policy

Despite Peace Village's contention to the contrary, U.S. Fire has produced and/or identified ample evidence which establishes that Hampton was a worker who was "leased" by a labor leasing firm to Peace Village to perform work for Peace Village at the time of her injuries and, therefore, qualified as an "employee" as defined under the Policy. Specifically, Peace Village admitted in its Answer to the Complaint in this action that a Labor Staffing Agreement existed between it and Davis Staffing, Inc. and was in effect on the date Hampton allegedly slipped and fell as she walked on a walkway leading into the outside entrance of Peace Village's Premises and sustained injuries. *See* U.S. Fire's Compl., ECF #1 at ¶ 34; Peace Village's Answer to Compl. ECF #15 at ¶ 34. Peace Village further admitted in its Answer that, at the time Hampton allegedly slipped and fell and sustained injuries, Davis Staffing, Inc. acted as a labor leasing firm. *See* U.S. Fire's Compl., ECF #1 at ¶ 35; Peace Village's Answer to Compl. ECF #15 at ¶ 35. A copy of the Labor Staffing Agreement (the "Labor Staffing Agreement") between Peace Village and Davis Staffing, Inc. is attached as Exhibit A.

There is no dispute that, pursuant to the Labor Staffing Agreement, Hampton was leased to Peace Village by Davis Staffing, Inc. to perform duties related to the conduct of Peace Village's business. In fact, in the Motion to Dismiss it filed in the Underlying Action, Peace Village asserted that Davis Staffing, Inc. placed Hampton with Peace Village for purposes of fulfilling a receptionist position and that, on or about January 8, 2018, while at Peace Village for her employment, Hampton allegedly slipped and fell at Peace Village, causing injury to her ankle. *See* Defendant Peace Village's 735 ILCS 5/2-619 Motion to Dismiss (the "Motion to Dismiss") in the Underlying Action at pp. 1-2. A true and accurate copy of the Motion to Dismiss is attached as Exhibit B. In support of its Motion to Dismiss, Peace Village submitted an affidavit by its Chief Executive Officer testifying to these precise facts. Ex. B at pp. 5-6.

These facts were admitted by a Peace Village executive officer in a sworn statement and submitted to the court in Underlying Action, and should be considered by the Court here. *See Millers Mut. Ins. Ass'n of Ill. V. Ainsworth Seed Co., Inc.*, 194 Ill.App.3d 888 (4th Dist. 1989) (considering affidavit filed by insured in underlying lawsuit as evidence to show application on an exclusion in coverage action). Specifically, Peace Village admitted that: (i) "On or about December 27, 2017, Peace Village entered into a labor staffing agreement with Davis Staffing Inc."; (ii) "Plaintiff Melanie Hampton was an employee of Davis and was leased to Peace Village for the purposes of fulfilling a receptionist position"; and (iii) "On January 8, 2018, Hampton was at Peace Village for the purposes of her employment when she sustained an accidental injury." Ex. B at pp. 5-6. These statements constitute judicial admissions that are binding on Peace Village in this action and determinative in showing that the Employer's Liability Exclusion applies. *See, e.g., Konstant Products, Inc. v. Liberty Mut. Fire Ins. Co.*, 401 Ill.App.3d 83 (1st Dist. 2010) (holding that judicial admission made by insured in underlying action was binding in coverage action).

The Policy defines "Employee" to include a "leased worker". A "leased worker" is defined under the Policy as "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business." Based on the above referenced evidence, it cannot reasonably be disputed that Hampton qualified as a "leased worker," as defined in the Policy, when she allegedly fell and sustained injuries on January 8, 2018. Accordingly, because the Policy defines "employee" to include a "leased worker", Hampton qualified as an "employee" of Peace Village, as defined in the Policy, when she slipped and fell on ice while walking into the Premises.

The allegations of the Complaint in the Underlying Action seek to impose liability against Peace Village for "bodily injury" to an "employee" of Peace Village (as defined in the Policy), arising out of and in the course of "[e]mployment by the insured; or . . . [p]erforming

8

duties related to the conduct of the insured's business." Accordingly, coverage for the claims asserted against Peace Village in the Underlying Action is precluded as a matter of law by the operation of the Employer's Liability Exclusion of Coverage A of the Commercial General Liability Part of the Policy.

### III. CONCLUSION

For the reasons stated herein, Plaintiff United States Fire Insurance Company is entitled to summary judgment that it owes has no obligation under the Policy to defend or indemnify Defendant Peace Village in connection with the claims asserted against it in the Underlying Action.

Dated: April 16, 2021

Respectfully Submitted,

UNITED STATES FIRE INSURANCE COMPANY

/s/ James J. Hickey
James J. Hickey (Illinois Bar No. 6198334)
james.hickey@kennedyslaw.com
KENNEDYS CMK LLP
100 North Riverside Plaza, Suite 2100
Chicago, Illinois 60606
Phone: (312) 800-5000
Fax: (312) 207-2110

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, being first duly sworn on oath, deposes and states that **Plaintiff's Reply in Support of its Motion for Summary Judgment** was served via the Court's CM/ECF upon all counsel of record listed below on April 16, 2021:

Margaret A. Manetti
Sosin, Arnold & Schoenbeck, Ltd.
9501 W. 144th Place, Suite 205
Orland Park, IL 60462
mmanetti@sosinarnold.com
Tel: 708-448-8141
Fax: 708-448-8140
*Attorney for Peace Village*

And via U.S. Mail on April 16, 2021 to Defendant:

Melanie Hampton
10300 Village Circle Drive
Palos Park, IL 60464

/s/Barbara A Jabaay
Barbara A. Jabaay
Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, I certify that the statement set forth herein are true and correct.